IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

Civil Action No: **3:16-cv-00663**

AARON DALTON,

Plaintiff,
v.

JOHN R. PIATT, in his capacity as Trustee of the John R. Piatt Trust Agreement dated June 26, 2008; and
TRI-CITY FOODS OF WISCONSIN, INC., a Delaware business corporation

Defendants.

## COMPLAINT

Plaintiff Aaron Dalton, by and through his attorneys, Browne Law LLC, as his complaint against the Defendants, John R. Piatt., in his capacity as Trustee of the John R. Piatt Trust Agreement dated June 26, 2008; and Tri-City Foods of Wisconsin, Inc., a Delaware Business corporation; alleges and avers violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and its implementing regulations, as follows:

### PARTIES

1.  Plaintiff Aaron Dalton is a resident of the city and county of Burnsville, Minnesota. Plaintiff Dalton suffers from, and all times relevant hereto has suffered from, a legal disability as

defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq*.

2. As a person with a disability, Plaintiff Dalton has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

3. Defendant John R. Piatt, is Trustee of the John R. Piatt Trust Agreement dated June 26, 2008.

4. Defendant John R. Piatt, in his capacity as Trustee of the John R. Piatt Trust Agreement dated June 26, 2008, is the owner and lessor of the real property and improvements which are the subject of this action, the restaurant known as Burger King, located at the street address of 2411 Center Drive, Hudson, WI 54016 ("Burger King"), a place of public accommodation within the meaning of the ADA.

5. Defendant Tri-City Foods of Wisconsin, Inc., is a Delaware Business corporation authorized to do business in the State of Wisconsin, with a principal place of business located at 2411 Center Drive, Hudson, WI 54016.

6. Defendant Tri-City Foods of Wisconsin, Inc. is the operator and lessee of the real property and improvements which are the subject of this action, the restaurant known as Burger King, located at the street address of 2411 Center Drive, Hudson, WI 54016, a place of public accommodation within the meaning of the ADA.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

8. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## NATURE OF THE CASE

9. Plaintiff Dalton brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers in the Burger King, even though such removal is readily achievable.

10. The violations alleged in this Complaint occurred at Burger King.

11. Defendants' failure to provide equal access to Burger King violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

12. Defendants' conduct constitutes an ongoing and continuous violation of the law.

13. Accordingly, Plaintiff Dalton seeks a declaration that Defendants' facilities violate federal law; and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff Dalton further requests that the Court retain jurisdiction over this matter for a period to be

determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

## FACTUAL BACKGROUND

14. On August 22, 2016, Plaintiff Dalton arrived at the Burger King. Plaintiff Dalton was in town travelling for leisure.

15. When Plaintiff Dalton arrived at the Burger King he found two parking spaces in the customer parking lot reserved as accessible parking spaces out of the forty-four total parking spaces. The two spaces shared an adjacent access aisle. A photograph in Exhibit A to this Complaint depicts these two parking spaces in the Burger King customer parking lot.

16. A curb ramp projected out into the two parking spaces reserved as accessible parking spaces and their shared access aisle, causing parts of the parking spaces and the access aisle not to be level. An access aisle or parking space that has a ramp extending into it makes transfers between Plaintiff's vehicle and the parking lot difficult or impossible because of the lack of a uniform, level surface.

17. In light of the architectural barriers at Burger King, Plaintiff Dalton was forced to find another place to eat lunch. Plaintiff Dalton is deterred from visiting Burger King in the future. Plaintiff Dalton intends to return to Burger King to patronize the facility, but these architectural barriers deter him from doing so. He plans to return and patronize Burger King when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

18. Plaintiff Dalton attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Dalton cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

19. Plaintiff Dalton intends to return to Burger King on or before Memorial day weekend 2017 (May 29, 2017). Plaintiff Dalton has made plans to return with his roommate once the weather is nice again in the spring.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

20. On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

 a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

 b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

 c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    d. Individuals with disabilities continually encounter various forms of discrimination; and

    e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

    <u>42 U.S.C. § 12101(a)(1)–(3), (5), (9)</u>

21. Congress explicitly stated that the purpose of the ADA was to:

    a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

    b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

    <u>42 U.S.C. § 12101(b)(1), (2), (4).</u>

22. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181–89.

23. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements.  The effective date of Title III of the ADA was January

26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

24. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

25. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

26. In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

27. The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

28. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

29. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

30. The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

31. Defendants have discriminated against Plaintiff Dalton on the basis of his disability by failing to comply with the requirements of the ADA and the ADAAG with regard to Burger King. A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at Burger King which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

    a. The two parking spaces reserved as accessible parking spaces and their shared adjacent access aisles had slopes greater than 1:48, in violation of ADAAG 208.2 and 502.4. Parking in a space that contains a curb ramp or using an access aisle that contains a curb ramp makes transfers between Plaintiff's vehicle and the parking lot difficult or impossible because of the lack of a uniform, level surface.

32. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff Dalton or which exist at Burger King. To qualify as an accessible

parking space it must be located on the shortest accessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

33. In order to fully remedy the discriminatory conditions, Plaintiff Dalton requires an inspection of Burger King in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

34. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

35. Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

36. As a person with a disability, Plaintiff Dalton has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

37. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff Dalton, who will continue to be unable to independently access Burger King and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION

**(Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*)**

38. The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

39. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

40. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

41. Defendants have discriminated against Plaintiff Dalton and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full

and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Dalton has been denied full and equal access to Burger King and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

42. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

43. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Dalton, even though removing the barriers is readily achievable.

44. Plaintiff Dalton plans to visit Burger King again in the near future. Plaintiff Dalton is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to Burger King unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

45. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff Dalton injunctive relief, including an order requiring Defendants to make Burger King readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close Burger King until such time as Defendants cure the access barriers.

46. Plaintiff Dalton has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

WHEREFORE, Plaintiff Dalton prays that the Court enter judgment in his favor and against Defendants as follows:

    a.  That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

    b.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

    c.  That the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

    d.  That the Court award Plaintiff Dalton his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

    e.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

Dated October 3, 2016.

               Respectfully submitted,

               /s/ Padraigin L. Browne
               Padraigin L. Browne (MN Bar # 389962)
               3749 Sunbury Alcove
               Woodbury, MN 55125
               E-mail: paddy@brownelawllc.com
               Phone: (612) 293-4805

                 *Attorney for Plaintiff*
                 *Aaron Dalton*